## In re Estate of James Foster, Deceased.
## On Appeal of Walter Foster et al., Executors, Appellants, v. W. H. Hopkins, Appellee.

### Gen. No. 21,376.    (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. JOHN McNUTT, Judge, presiding. Heard in this court at the March term, 1915. Affirmed. Opinion filed January 3, 1916.

## Statement of the Case.

Action by W. H. Hopkins, plaintiff, against the estate of James Foster in the Probate Court upon four bonds given in the Municipal Court to perfect writs of error from the Appellate Court to the Municipal Court. From an allowance of the claim in the Probate Court, appeal was taken to the Circuit Court. From the judgment of the Circuit Court for plaintiff, the executors of the estate appeal.

LOUIS GREENBERG and FRED DE YOUNG, for appellants.

CLINTON A. STAFFORD and HARRY A. BARNHARDT, for appellee.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Foster v. Hopkins, 197 Ill. App. 374.

MR. JUSTICE HOLDOM delivered the opinion of the court.

## Abstract of the Decision.

1. ACTION, § 43*—*when several bonds signed by testator as surety may be embodied in same claim against estate.* The obligee in several bonds given in the same court to perfect writs of error from the Appellate Court to such court, which are respectively signed by the same persons as principal and surety, may include all such bonds in one action in the Probate Court against the estate of the deceased surety.

2. APPEAL AND ERROR, § 878*—*necessity of evidence appearing in abstract.* The Appellate Court is not bound to consider the testimony of a witness which is not abstracted.

3. WITNESSES, § 141*—*when executor not incompetent to testify in action against estate.* An executor is competent to testify in an action against the estate upon bonds signed by testator as surety regarding facts occurring subsequently to the death of the testator.

4. PRINCIPAL AND SURETY, § 46*—*when surety estopped to deny judgments recited in bonds.* A surety upon bonds given to perfect writs of error is estopped to deny the judgments recited in the bonds.

5. TRIAL, § 204*—*when verdict directed for failure to establish defense.* The trial court may direct a verdict for the plaintiff where, as the result of the proper exclusion of evidence, the defendant has not established his defense.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.